### J. B. TUCKER v. W. A. HASSON.

1—H. leased a plantation to T. for the year, on a written agreement that the latter should pay one-sixth of the cotton to be grown by way of rent, and should, at gathering time, put the rent cotton in pens on the premises for H.; and if they should disagree at gathering time about the division so made, each should haul his cotton to the gin (which was on different premises), where a division should be made in accordance with the agreement. *Held,* that the agreement did not preclude H., the landlord, from suing out his distress warrant, when he found that the tenant was removing his cotton from the premises, with a view to evading a settlement according to the terms of the agreement.

APPEAL from De Witt. Tried below before the Hon. Wesley Ogden.

Hasson, the appellee, commenced this suit by a distress warrant, to recover the rent for the year 1866, of a plantation in De Witt county, leased by him to Tucker for that year. The terms of the lease, so far as they concern this suit, are fully shown in the head-note and in the opinion.

*S. C. Lackey*, for appellant.—For the defendant, James B. Tucker, we would respectfully submit:

1. That a *distress warrant* is only allowed upon one of the contingencies named in the statute. (Paschal's Dig., Art. 5028 ; Weir v. Brooks, 17 Tex., 641.) In this case neither of these contingencies had happened, for under the contract the defendant had the right to remove his cotton to the gin, as the parties had disagreed about the division. The plaintiff had waived his right to distrain, for or on account of the removal of the cotton to the gin by the defendant. The rent was not due, for the year had not expired, nor was the crop of cotton gathered.

2. The distress warrant and application therefor was the beginning of the suit; and if that was prematurely or improperly sued out, then the plaintiff must fail, for he had no cause

of action at the time suit was brought. A distress warrant is a summary remedy, and a party can not avail himself of it before he has a cause of action.

*H. C. Pleasants* and *Glass & Callender*, for the appellee. 1. If the rent was due, or if the tenant was removing the property from the premises, upon either one of these grounds the landlord was entitled to his warrant of distress for rent. (Weir v. Brooks, 17 Tex., 641.) If both existed, his right to the writ was at least equally clear.

The rent cotton was due and payable at gathering time. The warrant was sued out 7th of November, 1866; and the testimony of Richards shows that by the first of November, Tucker, the tenant, had at the gin twenty-three bales of cotton already ginned and baled, and five to ten bales of unginned cotton, being nearly the whole crop. This shows that gathering time had arrived before the writ was sued out.

But the removal of the cotton from the rented premises seems to have been the ground mainly relied upon below, and it is sufficient. It is true that Hasson had agreed that the cotton might be removed to the gin, *upon certain conditions*, to wit: that he would remove the share allotted to him, and Tucker might remove the share retained for himself; and the final division should be made at the gin. But if Tucker violated these conditions, and forbid Hasson to remove any cotton whatever, while he himself went on removing what he claimed, then Tucker forfeited all rights under this license to remove, and stood precisely as if there never had been any such license. And his removal of the cotton, under such circumstances, was good ground for suing out the writ; and the charge of the court on this point was correct.

2. The depositing of cotton in the pens which Hasson had built, was not a delivery of the cotton to Hasson and a payment of the rent, unless Hasson was satisfied with and acquiesced in the division; for, by the contract, the final division, in case of any disagreement, was to be made at the gin. And until the

division was made the rent was not paid and the cotton did not vest in Hasson.

But whatever might have been the effect of a *bona fide* deposit in Hasson's pens of one-sixth of the cotton, there was such manifest fraud in Tucker's proceedings in regard to the division of the cotton, that Hasson's rights can not be affected by them. Look at the figures as given in Richards' testimony; twenty-three bales ginned, five to ten unginned, claimed by Tucker, and 842 pounds for Hasson! The twenty-three bales, at the proven average of 450 pounds, make 10,350 pounds. Add the 842 pounds ginned for Hasson, and we have 11,192 pounds. One-sixth of this is 1865 pounds, yet Hasson had only 842! With such dividing Hasson might well be dissatisfied, and repudiate the whole for fraud.

Lindsay, J.—Notwithstanding the written agreement between the landlord and his tenant, in this case, as to the mode of dividing the crop for the purpose of paying the rent, and the arrangement therein contained, that, if they disagreed about the quantity of cotton which might be gathered and placed in their respective pens, each should haul his cotton to a gin, and there have a final division; all this did not preclude the right of the landlord to his distress warrant, if he found that his tenant was removing the cotton from the rented premises with a view to evade a settlement according to the terms of that written agreement. The facts disclosed in the record evince very clearly that an evasion of the terms of that agreement was not only contemplated, but was partly carried into execution. Certainly the course pursued by the tenant was by no means indicative of fair dealing. The distress warrant was, therefore, rightfully issued, and no departure from the requirements of the statute, in the action under it, is perceived by this court in the record of the case as presented here. The tenant would have had the right to remove his cotton off of the rented premises to carry it to a gin, or anywhere else, without the license of the written agreement, provided he first sat-

isfied the landlord that his rent was secure. Unless that was done, neither with nor without such stipulated agreement, did he have the right to do so; the more especially when his acts manifested a purpose to defeat or to deny a fair adjustment of the rent.

The verdict, however, is excessive. It is not warranted by the proof in the cause. It appears the plaintiff below did get as much as three thousand pounds of cotton in the seed, worth, according to his own proof, six cents per pound, amounting to $180. From the testimony of Richards, the first owner of the gin, it appears he ginned twenty-three bales of cotton for the plaintiff in error, and he testified it would take seventeen hundred pounds in the seed to make a bale; and that in the seed cotton was worth five or six cents per pound. The second owner of the gin, Myers, testified that he ginned fourteen bales for him, which took at least two thousand pounds in the seed to make a bale, and that this cotton was not worth more than two and a-half cents per pound in the seed. The facts, as proved in the record, stand thus:

| Bales. | ℔s. | ℔s in seed. | ℔s. | cts. | | |
|---|---|---|---|---|---|---|
| 23 | × 1700 | = $\frac{39100}{6}$ | = 6,516 | × 6= | .................................... | $390 96 |
| 14 | × 2000 | = $\frac{28000}{6}$ | = 4,666 | × 2½= | .................................... | 116 65 |
| | | | | | | $507 61 |

Cr—By amount rec'd
  by landlord,.........3,000  ×  6=  .................................. 180 00

Which deducted from the amount still in the hands of tenant,
  leaves.................................................................$327 61

Which should have been the verdict.

The judgment was for $560, when it should have been, according to the proof only $327 61. Because of this excess in the verdict of the jury the judgment is reversed, and this court proceeds to render such judgment as is warranted by the evidence in the cause. It is adjudged, therefore, that the plaintiff in the court below recover of the defendant the sum of $327 61, with costs of suit in the court below, for which he may have execution; and that the appellant recover his costs in this court.    Reversed and rendered.